CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
Rhe
APR 29 2005
JOHN F. CORCORAN, CLERK
BY: HMcDnd
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| EDWARD H. SAUNDERS, | |
| Plaintiff, | Civil Action No. 7:05cv00028 |
| v. | MEMORANDUM OPINION |
| BUREAU OF PRISONS, et als., | |
| Defendants. | By: Jackson L. Kiser |
| | Senior U.S. District Judge |

Plaintiff Edward H. Saunders, a Virginia inmate proceeding pro se, brings this action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, plaintiff alleges that while incarcerated at the United States Penitentiary Lee County a correctional officer made false charges against him of which he was later acquitted, that he was found guilty of another charge without due process, and that he has been forced to accept changes in his Inmate Financial Responsibility Contract. As relief, Saunders seeks monetary damages. After reviewing his complaint, I am of the opinion that Saunders has failed to raise any claim of constitutional magnitude. Accordingly, I find that all his allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.    Facts and Allegations

On October 24, 2002 Unit Manager Valerie Chambers reported that Saunders had become quite upset when he was informed that he would be receiving a new cell mate. She further reported that when she attempted to discuss the situation with him, he clenched his fists, acted as if he was going to punch her in the head, and began screaming at her. At that time, she felt threatened by his behavior and requested Lieutenant Pulver come to the cell area and restrain the plaintiff. Saunders

was subsequently charged with Threatening Another with Bodily Harm and Refusing to Work or Accept a Program Assignment. He was given a written formal disciplinary charge and was informed of his rights the following day. During the institutional investigation of the incident, Saunders denied that he threatened Chambers and the matter was thereafter referred to the Disciplinary Hearing Office ("DHO"). At that time Saunders was placed in the disciplinary housing unit, pending the outcome of the DHO hearing.

A DHO hearing was held on November 14, 2002. At that time, Saunders again averred that he had not threatened Chambers, but admitted being insolent. During the hearing, Senior Officer Specialist Watts stated that he did not see Saunders ball his fists or threaten to physically assault Chambers. Based on Watts' testimony and Saunders' admission, the DHO dismissed the charge of Threatening Another with Bodily Harm and Refusing a Program Assignment. However, the DHO found that Saunders willfully violated section 312, Insolence, of the Inmate Disciplinary Policy. Accordingly, Saunders was sentenced to fifteen days of disciplinary segregation which was suspended pending 180 days of clear conduct. Additionally, Saunders was moved to another housing unit.

On November 9, 2002 Saunders entered into a Inmate Financial Contract in which he agreed to work with staff to develop a payment plan for repayment of court imposed fines, costs, and restitution. At that time Saunders agreed to pay $25.00 quarterly towards those obligations. On April 8, 2003 during a review of the payment schedule, the payment was increased to $50.00 quarterly. Saunders contends that he not only adamantly opposed such an increase, but that he only signed the agreement because he did not want to incur the penalties which would be imposed if he chose to opt out of the program. On April 8, 2003 during the yearly scheduled payment review, Saunders'

obligation was increased to $30.00 per month. Again Saunders opposed this increase and claims he only signed the agreement because defendants coerced him with threats regarding penalties which would be imposed if he chose to opt out of the program.

## II. Analysis

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A. False Disciplinary Charge

To the extent that Saunders' claims that the false charges and his subsequent confinement in isolation are a violation of the due process rights afforded under the Fourteenth Amendment and constitute cruel and unusual punishment under the Eighth Amendment, they must fail.

Although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners'

3

location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

In this case, Saunders fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process. Saunders was merely placed in segregation following charges for threatening another with bodily harm. Although Saunders was acquitted of this charge, it is clear from his own testimony that he admitted that he was screaming at defendant Chambers and insolent during the discussion. Accordingly, I find that Chambers could have found this behavior threatening, and I find that there existed sufficient grounds to institute this charge. However even assuming that Chambers made a false report, such a violation of prison policy does not implicate federal due process rights and is not cognizable under Bivens. Therefore, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Additionally, to the extent that Saunders claims he was denied due process as to the insolence conviction, it too must fail. An inmate is only afforded procedural safeguards when loss of statutory good time credits or some other liberty interest is at issue. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). As discussed above, Saunders has not established that he lost good time credits or was deprived of any other liberty interest as a result of his conviction for insolence. Therefore, he was not entitled to any procedural safeguards as to this charge and thus has failed to raise an issue of constitutional magnitude. Accordingly, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4

Case 7:05-cv-00028-JLK-mfu   Document 49   Filed 04/29/05   Page 4 of 8   Pageid#: 394

Furthermore, although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981) As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While isolation and segregation conditions, and the difficulties plaintiff alleges he has suffered, may be inconvenient and unfortunate, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has plaintiff demonstrated that because of the conditions he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. Inmate Financial Responsibility Program

Saunders claims that he has been forced to accept changes to the Inmate Financial Responsibility Contract he signed on November 9, 2002. To the extent that this can be construed as

5

a claim that defendants violated his Eight Amendment right to be free from cruel and unusual punishment, it must fail because he has failed to allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Saunders does not claim that defendants have used physical force in this matter, rather he claims that they have threatened to impose the usual institutional penalties due when an inmate refuses to participate in a financial responsibility program. And while Saunders claims that defendants' statements amounted to threats thereby forcing him to accept changes to the contract, it is clear that defendants were merely informing him of the consequences of his failure to comply with the newly imposed payment schedule. Furthermore, even assuming that defendants verbally attacked Saunders during the meeting regarding the repayment schedule, verbal abuse alone does not state a claim under the Eighth Amendment. Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C), aff'd, 917 F.2d 1302 (4th Cir. 1990). As such, Saunders' assertions do not state a constitutional claim for relief and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Additionally, to the extent that Saunders claims that he has been denied equal protection of law as to this issue, it too must fail. To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination; once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001). Saunders has not alleged any facts which indicate that he has been treated differently than any other

6

inmate nor that he was required to accept changes regarding his payment plan as a result of intentional discrimination. Therefore, I find that Saunders has failed to allege facts which present a claim of constitutional magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. State Law Claims

Because I find that plaintiff cannot go forward on any of his federal claims, I will decline to exercise supplemental jurisdiction over any and all state law claims raised in his complaint. See 28 U.S.C. 1367(c).[1] I will dismiss all such claims without prejudice.

### III. Conclusion

Based on the foregoing, I find that Saunders has not presented any claims of constitutional magnitude. As such, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Accordingly, I will dismiss the complaint without prejudice.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying

---

[1] Plaintiff raises numerous claims regarding breach of contract. Contrary to plaintiff's assertions, there is no constitutional right to be "free of...breach of contract," such claims would arise, if at all, only under state law.

order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 29th day of April, 2005.

*/s/ Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE

8

Case 7:05-cv-00028-JLK-mfu   Document 49   Filed 04/29/05   Page 8 of 8   Pageid#: 398